JOHN L. COYLE, Respondent, v. THOMAS CONWAY, Appellant.

**Kansas City Court of Appeals, April 15, 1889.**

1. **Diseased Cattle:** SCIENTER OF OWNER MUST BE ALLEGED AND PROVED. In an action under sections 4358 and 4359, Revised Statutes, to recover damages for failure of defendant to restrain diseased and distempered cattle, whereby plaintiff's became infected, it is necessary to allege that defendant knew his cattle were diseased and that it should be proved at the trial that he had knowledge of such diseased condition ; or that such facts existed as would charge him with knowledge, and of the existence of which it would be negligence and carelessness on his part not to know.

2. ———: ———: CONTRIBUTORY NEGLIGENCE. Notwithstanding it should appear that defendant knew of the cattle being infected with a contagious disease, yet if plaintiff also had such knowledge when he received them, or, if afterwards, while they were on his premises, he became aware of their condition and negligently permitted his own cattle to come in contact with them, and of such negligence his cattle became diseased, he cannot recover.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Boyd & Sebree,* for appellant.

(1) The plaintiff's petition does not state facts sufficient to constitute a cause of action, and defendant's objection to introduction of evidence should have been sustained. It was necessary for plaintiff to allege and prove that defendant knew the cattle were diseased cattle, or at least that he knew. they were Texas cattle. *McAlister v. Railroad,* 74 Mo. 358 ; *Bradford v.*

*Floyd*, 80 Mo. 212; *Pattee v. Adams*, 37 Kan. 133; 14 Pac. Rep. 506; *Railroad v. Finley*, Sub. Ct. Kan. 1888, 16 Pac. Rep. 952; 38 Kansas, 550; *Harris v. Hatfield*, 71 Ill. 298. (2) The demurrer to the evidence should have been sustained. The evidence of plaintiff showed no knowledge on defendant's part, either that defendant knew the cattle were diseased, or that he knew they were Texas cattle, or that in fact the cattle were diseased. The evidence further showed that plaintiff knew when he put the cattle into his pasture, and before they came in contact with his cattle, that they were Texas cattle. The evidence of plaintiff also showed that, at the time the Texas cattle were turned into his pasture, he had reason to know they were Texas cattle, and with such knowledge afterwards permitted them to mingle with his cattle and to drink out of the same pool, and his own negligence was the cause of his damage. *Howell v. Stewart*, 54 Mo. 404; *Hall v. Corcoran*, 107 Mass. 251; *Bank v. King*, 44 N. Y. 87; *Burnham v. Strother*, 33 N. W Rep. 410; *Worcester v. Bridge Co.*, 7 Gray (Mass.) 459; *Pattee v. Adams*, 37 Kan. 133; 14 Pac. Rep. 506; *Harris v. Hatfield*, 71 Ill. 298. (3) The plaintiff's own testimony shows that he had as much information in regard to the eighty-three head of Texas calves, as defendant, and that the damage to plaintiff occurred by his own act in opening the gate between pastures and allowing his cattle to come into the pasture where the Texas cattle were and to drink out of. the same pool and mingle together.

*Scott & Cooney*, for respondent.

(1) Plaintiff's petition states facts sufficient to constitute a cause of action under the statute, and defendant's objection to the introduction of evidence was properly overruled. It was not necessary for plaintiff to allege or prove that defendant knew the cattle were diseased cattle, or that he knew they were Texas cattle. 2 R. S., p. 863, secs. 4358, 4359; 1 Whart. Crim. Law,

[8 Ed.] sec. 88 ; *Wilson v. Railroad,* 60 Mo. 184. (2) The demurrer to the plaintiff's evidence was also properly overruled. The statute under which this suit was brought did not require the plaintiff to show knowledge on the part of defendant, either that the cattle were diseased, or that he knew they were Texas cattle. It was defendant's duty to know what he was handling, and he was under no compulsion to take them until he did know. Plaintiff has shown that the cattle were Texas cattle, but recently shipped from the southern part of Texas. That before they were placed in plaintiff's pasture and before he had given permission that they might be put there, the plaintiff had inquired of the defendant where the cattle were from and had been told by the defendant that they were from the "droughty district" of Kansas, which he understood to be in the northwestern part of Kansas. That relying on the statement of the defendant, he allowed the cattle to be turned in his pasture, not knowing they were from Texas. That plaintiff's native cattle had taken the Texas fever from these cattle and had sickened and died from the effects of the disease, and the amount he had been damaged, and the court did right in overruling the demurrer to the evidence. 2 R. S., p. 863, secs. 4358, 4359 ; *Wilson v. Railroad,* 60 Mo. 184 ; 1 Whart. Crim. Law [8 Ed.] sec. 88 ; *Coyle v. Railroad,* 27 Mo. App. 584. (3) The case of *McAllister v. Railroad,* 74 Mo. 358, cited by defendant is not in point. It was not based on the present statute or any similar one. *Bradford v. Floyd,* 80 Mo. 212, was cited under Wagner's Statutes, 135, section 6, and that statute applies to the unlawful act the express terms wilfully and knowingly, and the question of defendant's negligence or caution became thereby involved in the case. The above section 6 of Wagner's Statutes is an exact copy of General Statutes of 1865, page 384, section 6, and the foregoing sections

were amended by sections 4358 and 4359, Revised Statutes, 1879, by leaving out the words wilfully and knowingly. So that whatever may be the interpretation of similar statutes in foreign states, the history of legislation and decisions of higher courts on this subject, in our own state, make it clear and evident that the legislature intended by said sections 4358 and 4359 to eliminate the question of the person's knowledge who should violate its provisions. In a question of damages, defendant's knowledge is nothing more than evidence of negligence or caution. *Wilson v. Railroad*, 60 Mo. 184; *Surface v. Railroad*, 63 Mo. 454; *Coyle v. Railroad*, 27 Mo. App. 584; 1 Whart. Crim. Law [8 Ed.] sec. 88; Potter's Dwarris on Stat. and Const., p. 198. (4) The question of plaintiff's negligence was under the evidence and instructions fully and fairly submitted to the jury and this court will not interfere with their finding. *Brown v. Railroad*, 50 Mo. 461; *Owens v. Railroad*, 58 Mo. 386; *Gafney v. Colville*, 6 Hill, 567–576; Abbott's Trial Ev., p. 772, sec. 10; *Bayard v. Smith*, 17 Wend., pp. 88–90.

ELLISON, J.—This is an action to recover damages arising from a disease communicated to plaintiff's cattle by "Texas cattle," driven by defendant from one place to another in this state. That is, driven from the depot of a railway company to plaintiff's pasture, about two miles in the country and turned into the pasture for agistment, with plaintiff's consent. The action is brought under sections 4358, 4359, Revised Statutes, 1879. The petition failed to allege, and the testimony failed to establish, that the defendant knew the cattle, which he so drove into plaintiff's pasture, were infected with Texas fever. The defendant objected to the reception of any testimony under the petition, claiming that, for the reason aforesaid, it failed to state a cause of action. His objection was overruled. He demurred to plaintiff's

testimony, on the ground that there was no proof of knowledge on his part of the diseased condition of the cattle ; this was likewise overruled, and a verdict and judgment being taken against him, he appeals to this court.

The statute upon which the action is based is as follows :

" Every person shall so restrain his diseased or distempered cattle, or such as are under his care, that they may not go at large off his own premises or the land to which they belong ; and no person shall drive any diseased or distempered cattle, afflicted with what is commonly known as Texas or Spanish fever, or any other infectious disease, into or through this state, or from one place therein to another, unless it be to remove them from one piece of ground to another of the same owner ; and no railroad company, or owners of a steamboat, or other company or person, shall bring into or transport through this state, or from one part thereof to another, any Texas, Mexican, Cherokee or Indian cattle affected with what is commonly known as Texas or Spanish fever, or any other contagious disease, epidemic or pestilence."

Our opinion is, that defendant's objection was well taken and that it should have been sustained. The *scienter* should have been alleged and proved.

The statute under consideration embraces cattle of all description, whether native or Texas, domestic or wild. The language used makes no special reference to Texas cattle, but simply to any cattle which may be infected with Texas fever. In this state, owners of cattle can permit them to run at large. Such may be said to be the common law here, for this country, as compared with England, is so new, that the common law has adapted itself to our condition and the " range " is recognized as the common property of the

inhabitants. It would, therefore, I apprehend, nowhere be held that a citizen of this state would be liable for damage caused by a disease communicated by his cattle running at large, when he was ignorant of them being infected. If so, an owner of cattle, permitting what he had the legal right to permit, might find himself destroyed under liabilities innocently incurred. There is no distinction made by this statute as to the kind of cattle; and if it is not necessary to allege and prove the *scienter* in the case of Texas cattle, neither is it in the case of domestic cattle. This consideration renders it apparent, or at least, very persuasive, that the law-makers never intended to render one liable who may drive diseased cattle from one place to another in this state, without regard to his knowing of the disease.

There has existed in the minds of people, a distinction between Texas, Mexican or Indian cattle, and our domestic cattle which doubtless had its origin in the liability of the former to spread a dangerous disease; and this distinction took the form of a statutory enactment in 1869, whereby persons were prohibited from bringing cattle of the former class into this state between certain months, whether they were diseased or not. This statute was overthrown by the supreme court of the United States, as being in conflict with the federal constitution. 95 U. S. 465. It may now be fairly inferred that a statute law would not be upheld which should attempt to make a distinction between cattle of the two classes, even as regards their being driven from one place to another, in this state. Since it would be practically a prohibition on their importation to say they should not be moved after being brought in. The precise question now before us arose under a statute of Kansas, which provided: "That no person or persons shall drive or cause to be driven into or through any county in this state, any cattle diseased with the disease

known as Texas, splenic or Spanish fever," etc., and it was held that the *scienter* should be alleged and proved. *Pattee v. Adams*, 37 Kan. 133, approved in *Mo. Pac. Ry. Co. v. Finley*, 38 Kan. 550.    In the former case, it is correctly said, that the rule of the common law in such cases is, that knowledge is indispensably necessary to a liability; and in that connection, the following apt quotation is made from Dwarris on Statute, 185: "Statutes are to be construed in reference to the principles of the common law; for it is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely required.    The law rather infers that the act did not intend to make any alteration other than what is specified, and besides what has been plainly pronounced."

The case of *Bradford v. Floyd*, 80 Mo. 207, arose under section 6, page 135, Wagner's Statutes, which contains the words "wilfully and knowingly," in connection with driving diseased cattle into the state, or from one part thereof to another; but that action was for not restraining diseased cattle on his own premises, or suffering them to go at large; and the reasoning of the court we consider applicable here.

Our opinion therefore is, that it should be alleged that defendant knew the cattle were diseased and that it should be proved at the trial that he had knowledge of such diseased condition; or that such facts existed as would charge him with knowledge, and of the existence of which it would be negligence and carelessness on his part not to know.

It was urged at the argument, in opposition to the view we have advanced, as to the intention of the legislature, that the words, "wilfully and knowingly" which were in the general statute of 1865, page 384, have been dropped, in the revision of 1879, thereby evincing an intention of the law-maker to impose an unconditional liability.

Coyle v. Conway.

We are not inclined to allow the force to be given to this argument, which counsel think it should have. The statute has not been merely amended by simply dropping these words, which would, alone, have been of some significance ; but the whole matter relating to diseased cattle has been revised and ten new sections added.  Those words were mere surplusage in the first instance, and were doubtless so looked upon by the legislature when they were omitted in the revision.  It did not take those words to make one, who should knowingly drive infected cattle into or through the state, liable in damages.  He would have been liable for so doing, without them.  Their presence in that statute added nothing to its force.

The only significance, under plaintiff's contention, which would attach to the dropping of these words, would be, of course, as it would affect the clause in the present statute corresponding to the clause in which they appeared in the former statute ; that clause was, ''and no person shall wilfully and knowingly drive any diseased and distempered cattle, affected with what is commonly known as Texas or Spanish fever, or any other infectious disease, into or through this state, or from one part thereof to another, unless it be to remove them from one piece of ground to another of the same owner.''  It would thus leave the first clause of the present statute which is unchanged and the third clause, regarding transportation of such cattle by railways and steamboats, which is new, not affected by dropping these words.  Thus under this contention, in order to show a liability under the first and last clause, it would require proof of knowledge, but not under the second. It is quite apparent that this was not intended by the legislature.

II.  Judging from the present record, the question of contributory negligence will probably come up at another trial.  Notwithstanding it should appear that

defendant knew of the cattle being infected with a contagious disease, yet, if plaintiff also had such knowledge when he received them, or, if afterwards, while they were on his premises, he became aware of their condition and negligently permitted his own cattle to come in contact with them, and of such negligence his cattle became diseased, he cannot recover : *Pattee v. Adams*, *supra*; *Harris v. Hatfield*, 71 Ill. 298.

The judgment is reversed and the cause is remanded. All concur.