## Alfrey v. Shouse, et al.

(Decided March 4, 1915.)

### Appeal from Bath Circuit Court.

Animals—Diseased—Duty of Owner to Confine—Action for Damages—Knowledge of Owner—Section 62, Kentucky Statutes—Pleading.—In an action to recover of defendants damages resulting from driving their hogs diseased with cholera on to plaintiff's premises, in violation of Section 62 of the Kentucky Statutes, it is necessary, in order to recover, to allege that the defendants knew or had knowledge of such facts as would lead an ordinarily prudent person to believe that their hogs were diseased with cholera.

G. C. EWING and C. W. NESBIT for appellant.

C. W. GOODPASTER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Section 62 of the Kentucky Statutes is as follows: "If the owner of any distempered cattle, or hogs diseased with hog cholera, shall permit them to run at large

outside of his enclosure, or shall drive the same into or through any part of this Commonwealth, unless it be from one portion of his own enclosure to another, he shall forfeit and pay the sum of ten dollars for each head, and be liable by civil action for any damage that may occur by the spreading of the disease; and when any such cattle or hogs shall die, the owner thereof shall cause them to be burned or buried, and, if he fail, he shall be fined five dollars for each offense."

Plaintiff, Wes Alfrey, brought this action against defendants, Isaac Shouse and John S. Craig, to recover damages for a violation of the foregoing statute. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The petition charges that the defendants were the owners of ninety hogs which were diseased with hog cholera. That the defendants drove these hogs along the public highway of Bath County, and into and upon plaintiff's premises, by and with plaintiff's consent and permission, and that plaintiff did not know that the hogs had the cholera. It further charges that the disease was thereby communicated to plaintiff's hogs, and by reason thereof he was damaged in the sum of $500.

The demurrer to the petition was sustained on the ground that it did not charge that defendants knew or had knowledge of such facts as would lead an ordinarily prudent person to believe that the hogs were diseased. The question presented is whether or not it is necessary to show such knowledge on the part of the owner in order to charge him with liability under the statute. This question has not heretofore been considered. Under the common law it is well settled that knowledge is necessary to a recovery. Vrooman v. Lawyer, 13 Johns, 339; Dearth v. Baker, 22 Wis., 73; Lyke v. VanLeuven, 4 Denio, 127. Where, however, statutes make it the duty of owners to detect disease in their animals and report the outbreak of same within a stipulated time, and not to move them except by permission of State officers, a recovery may be had without allegation or proof of knowledge by the defendant that the animals were diseased. North v. Woodland, 12 Idaho, 50, 85 Pac., 215, 6 L. R. A. (N. S.), 921. It is also held under statutes prohibiting the driving or shipping of infected cattle, that plaintiff is not required to prove that defendant knew as an absolute fact that the cattle, when being shipped, were carry-

ing the disease germs with them, if they were shipped from a locality known to be infected or liable to communicate the disease. State v. Rasmussen, 7 Idaho, 1, 59 Pac., 933, 97 A. S. R., 234, 52 L. R. A., 78. But under the majority of the statutes the owner of animals is not liable for injuries from disease communicated by them unless he knew or had reason to know of their condition. Furley v. Chicago, &c. R. Co., 90 Iowa, 146, 57 N. W., 719, 23 L. R. A., 73 (construing Ia. Acts 21, Gen. Assembly, c. 156); Coyle v. Conway, 35 Mo. App., 490 (construing Mo. Rev. Sts., 1879, Secs. 4358-9); 1 R. C. L., 101; 6 L. R. A. (N. S.), 922, note; 15 Ann. Cas., 1004, note.

In Furley v. Chicago, &c. R. Co., *supra,* it was held that a common carrier which had brought infected cattle into the State in violation of the statute was not liable for injuries from the communication of disease to domestic cattle if the agents and employes of the carrier had no knowledge or information that the animals were diseased, and if their condition could not have been discovered by the exercise of proper care and caution.

Under a statute prohibiting the driving into or through any county in the State of Kansas any cattle with the disease known as Texas, spleenic or Spanish fever, the Supreme Court of Kansas, in Patee v. Adams, 37 Kas., 133, 14 Pac., 505, held that in order to recover it was necessary to allege and prove that defendant knew or had knowledge of such facts as made him chargeable with knowledge of the fact that the cattle were diseased. That court based its conclusion on the fact that the ground of liability under the statute was negligence, and that there could be no negligence unless the party driving the cattle had or was charged with knowledge that the cattle were diseased. The same doctrine was followed in Missouri Pac. R. Co. v. Finley, 38 Kansas, 550, 16 Pac., 951. In Clarenton Land, &c. Co. v. McClelland Brothers, 89 Tex., 483, 31 L. R. A., 669, 59 A. S. R., 70, 34 S. W., 98, 35 S. W., 474, the court, while conceding that if defendant knew that his cattle were to an extent more than usual with such stock disposed to break through fences, and by reason of that disposition they broke into plaintiff's enclosure, the former would be liable for such damages as would usually arise from such trespass, nevertheless held that even under such circumstances the defendant would not be liable for the com-

munication of a disease by his cattle to plaintiff's cattle unless he knew or had good reason to believe that his cattle were suffering from a disease which might be communicated to their cattle. In St. Louis, I. M. & S. R. Co. v. Gouldsby, 58 Ark., 401, it was held that one who sued a railroad company for permitting the escape of cattle infected with Texas fever, thereby causing his cattle to become infected and die, could not recover damages therefor without proving that the company knew or could have known that the escaped cattle were infected with a communicable disease.

In view of the fact that knowledge in some form was necessary under the common law, and that it is not to be presumed that the Legislature intended to amend the common law in any respect other than those clearly indicated by the statute, we agree with the majority of the courts that in order to recover under the statute in question it is necessary to allege that the defendant knew or had knowledge of such facts as would lead an ordinarily prudent person to believe that his hogs were diseased with cholera.

Judgment affirmed.