Strauss, Appellant, vs. Eulberg Brewing Company,
Respondent.

*May 12—June 10, 1947.*

For the appellant there were briefs by *Bloodgood & Passmore,* attorneys, and *John P. Roemer* and *Charles H. Galin* of counsel, all of Milwaukee, and oral argument by *Mr. Roemer* and *Mr. Galin.*

For the respondent there was a brief by *Rogers & Owens* of Portage, and oral argument by *Harlan B. Rogers*.

ROSENBERRY, C. J.    It is the contention of the plaintiff that the pleadings present a substantial issue of fact as to the existence and terms of agreement between the plaintiff and the defendant and for that reason the plaintiff is entitled to a trial of these issues and the summary judgment appealed from should be reversed.    Whether a summary judgment is right or wrong depends entirely upon the question of whether an enforceable contract was entered into between the plaintiff and the defendant as claimed by the plaintiff.

We have carefully examined the record in this case and we are unable to find that the plaintiff ever agreed either orally or in writing to sell any specified amount of the defendant's products.    As alleged in the complaint, and as appears from the affidavits on file, the only agreement entered into was that if the plaintiff sold the defendant's products the defendant would pay a commission of five cents per case and furnish one hundred carloads or two hundred thousand cases of beer and ale to fill said orders.    This is not a case where a party was engaged solely in the sale of an article produced by another. The plaintiff represented nine or ten other breweries and he was under no obligation to sell the products of the defendant's brewery.    His contention amounts to this, that if he did sell them, then in that event, the defendant agreed to fill his orders to the extent of two hundred thousand cases.    Whether he took orders for the defendant or not was entirely optional with him.    The plaintiff states the agreement thus:

"Whereby for and in consideration of the plaintiff selling the defendant's products, the defendant agreed to pay a commission of five cents per case sold by him."

This is not an agreement on the part of the plaintiff to sell but if he did sell, the orders furnished by him were to be filled to the extent of two hundred thousand cases.

In principle, this case is almost identical with *Pessin v. Fox Head Waukesha Corp.* (1939) 230 Wis. 277, 282 N. W. 582. This contract as did the contract in that case entirely lacks mutuality. As a matter of fact, in the *Pessin Case* the plaintiff had agreed to act exclusively as defendant's distributor and agreed not to sell other beer than that of the defendant. That case was therefore stronger than this case where the plaintiff was under no obligation whatever to sell the defendant's beer. If he had failed for the entire year of 1946 to sell any of defendant's beer, the defendant would have had no' recourse against the plaintiff.

With respect to the orders which were sent to the defendant and which were filled as an accommodation to the plaintiff after the plaintiff had been notified on January 31, 1946, that the defendant could not accept or fill further orders submitted to it by the plaintiff, the trial court found on uncontradicted statements that the plaintiff collected and retained commissions for the sale of beer upon orders filled by him in excess of the amount claimed to be due from the defendant.

In view of the order of the Office of Price Administration of the United States governing the payment of commissions to brokers on transactions such as the one involved here, the defendant felt itself obligated to refund the commission collected on account of the beer delivered at plaintiff's request to the purchaser. This did not amount to an affirmance of the alleged contract.

The trial court correctly held that no triable issue was presented and summary judgment was entered accordingly.

*By the Court.*—Judgment affirmed.