HALVORSON, Respondent, vs. TARNOW and another, Copartners, Appellants.

*October 5—November 8, 1950.*

For the appellants there were briefs by *Hersh & Magidson,* attorneys, and *Frederick Hersh* of counsel, all of Milwaukee, and oral argument by *Arthur B. Magidson* and *Frederick Hersh.*

For the respondent there was a brief by *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

BROADFOOT, J. The appeal is based upon three grounds: (1) Plaintiff cannot recover on the theory of an express contract (a) because plaintiff's testimony shows there was no express contract, (b) if a contract can be implied from the facts it was a contract to pay commissions on orders shipped to customers and by plaintiff's own statement all such

commissions were paid, (c) the contract between the parties as found by the trial court is void because of lack of mutuality, (d) if there was any contract it was made with the predecessor corporation; there is no evidence that there ever was a contract made between the plaintiff and the defendant partners; (2) there can be no recovery in *quantum meruit;* (3) the damages as allowed by the court are excessive.

From the record it appears that the plaintiff sent no orders to the defendants after May 20, 1943, at which time he received a letter from them notifying him to stop soliciting orders. The last payment of commissions, in the amount of $56.47, was made on September 10, 1943. The original complaint was based upon an express oral contract. Trial of the action was commenced on December 5, 1949. At that time the plaintiff moved to amend his complaint by setting forth as an alternative of the cause of action in the complaint a second cause of action in *quantum meruit.* Objection was made to the amendment on the ground that the alternative cause of action was not filed within the time limited by sec. 330.19 (3), Stats., viz., six years. The motion to amend should have been denied. *Meinshausen v. Gettelman Brewing Co.* 133 Wis. 95, 113 N. W. 408; *Kresge v. Miner Amusement Co.* 239 Wis. 575, 2 N. W. (2d) 236. Therefore the plaintiff is not entitled to recover unless the record discloses a good oral contract.

The original complaint alleged that the plaintiff was a commercial traveler; that plaintiff and the Belin Garment Company entered into an oral contract whereby the plaintiff agreed to travel in certain territory in the states of Wisconsin and Minnesota with samples furnished by said Belin Garment Company and solicit orders from merchants doing business in said territory for merchandise manufactured by the defendants, and to forward said orders to the defendants; that said Belin Garment Company agreed to fill said orders promptly

and to pay plaintiff a commission of seven per cent of gross sales.

The defendants, answering separately, denied entering into the contract set out in the complaint; alleged on information and belief that if the plaintiff was hired as a salesman, it was upon the understanding that any commissions due to the plaintiff would be based upon merchandise actually sold and delivered to customers obtained by the plaintiff, and defendants denied all liability.

The record discloses that the plaintiff began soliciting orders for the Belin Garment Company about January 1, 1938. At that time the Belin Garment Company was a corporation, of which one Louis Belin was the active head. The corporation was dissolved in November, 1942, and thereafter the business was operated under the same name as a partnership with Louis Belin, Anna Belin, and Meyer L. Tarnow as partners. Louis Belin died on or about December 22, 1944. Plaintiff was never informed of the change and had no knowledge thereof. Practically all of the orders forwarded by the plaintiff to the Belin Garment Company prior to January 1, 1943, were shipped and plaintiff was paid a commission of seven per cent on the orders so shipped.

On or about January 1, 1943, plaintiff received new samples from the defendants and he continued to solicit and forward orders as before. Only a small percentage of the orders was shipped, and on May 20, 1943, he was notified by letter to discontinue soliciting orders for the defendants. The suit was based upon the commissions upon the unshipped orders.

The testimony was in conflict. The plaintiff testified at one time that he was employed by the Belin Garment Company at a commission of seven per cent of sales. Near the close of the trial he testified that there was no understanding either in writing or orally as to what commission he was to

be paid, and denied that there was an understanding either in writing or orally as to whether the commission was to be paid on orders or shipments. From the testimony the court, among others, made the following findings of fact:

"3. That about five years prior to November, 1942, plaintiff was employed by said corporation to solicit orders from customers; that all orders received by said corporation through the efforts of said plaintiff were accepted and filled by said corporation and he was paid a commission of seven per cent of all orders secured by said plaintiff and accepted and filled by said employer corporation.

"4. That by the terms of said employment the corporation was to accept, fill, and ship all orders for merchandise from customers with satisfactory credit ratings.

"6. That plaintiff was not informed of the fact that said corporation had been dissolved and that said partnership had taken over the business of said corporation.

"7. That said partnership kept plaintiff in its employment without any modification of the terms of his prior employment.

"10. That all orders solicited and received by plaintiff were forwarded to said partnership and were from customers with good financial-credit ratings; that none of said orders secured by plaintiff after January 1, 1943, and forwarded to said partnership were rejected because of unsatisfactory credit rating or for any other cause."

There was credible evidence to sustain these findings, and they cannot be disturbed.

It is apparent from the record that there was an oral contract between the plaintiff and the corporation and that the parties continued to operate under the terms of this contract after the corporation was dissolved. There is no question but that the agreed rate of commissions to be paid to the plaintiff was seven per cent. The only substantial question is whether the commissions were to be paid upon all orders sent in or whether commissions were to be paid only upon

orders defendants saw fit to ship. Where the terms of a contract are ambiguous and subject to different interpretations the court will ordinarily place that interpretation upon the terms of the contract which the parties in the course of their dealings have adopted. *George J. Meyer Mfg. Co. v. Howard B. & C. Co.* 246 Wis. 558, 18 N. W. (2d) 468. The record discloses that prior to January 1, 1943, the Belin Garment Company shipped all orders forwarded by the plaintiff except where the credit of the merchant who gave the order was questionable. The defendants did not contend upon the trial that any of the orders forwarded by the plaintiff could not be filled because of the credit rating of the buyer. In fact no reason was presented by the defendants for their failure to fill the orders, and the record discloses that they had merchandise on hand during the period in question from which the orders could have been filled.

The defendants contend that if there was a contract it is void because of lack of mutuality. They rely upon two cases, viz.: *Pessin v. Fox Head Waukesha Corp.* 230 Wis. 277, 282 N. W. 582; and *Strauss v. Eulberg Brewing Co.* 250 Wis. 579, 27 N. W. (2d) 723. Under the law discussed in those cases the contract under consideration did lack mutuality. The plaintiff did not agree to work for any particular length of time or to secure orders for any definite amount of merchandise manufactured by the defendants. However, the actions in those cases were for breach of contract for orders after termination of the contracts by the defendants. Thus plaintiff would not be entitled to recover for orders sent in after being notified on May 20, 1943, that he should discontinue soliciting orders on behalf of the defendants. But lack of mutuality is no defense in the case of an executed contract. The contract here involved was in the nature of a continuing offer to the plaintiff which was accepted by him upon the forwarding of the orders prior to the termination of the con-

tract. This rule was recognized in the case of *Pessin v. Fox Head Waukesha Corp., supra.* See also *Hopkins v. Racine M. & W. I. Co.* 137 Wis. 583, 119 N. W. 301; *Murray v. Hamilton Beach Mfg. Co.* 178 Wis. 624, 190 N. W. 460.

From the entire record it must be concluded that there was an oral contract under the terms of which the defendants are bound to pay the plaintiff a commission of seven per cent upon *bona fide* sales to solvent purchasers.

As to the third point, it is admitted by the plaintiff that the figure of $977.95, which he originally claimed in his complaint as the amount of commissions due, did not give the defendants credit for a payment of $56.47 made on September 10, 1943. The judgment must be modified to that extent.

*By the Court.*—Judgment modified as stated in the opinion and affirmed as so modified.