FREDRICKSON, Respondent, vs. KABAT and others,
Appellants.

*June 5—July 3, 1953.*

For the appellants there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale.*

FRITZ, C. J. This is the second appeal in an action commenced by the plaintiff, Roy Fredrickson, against Fred R. Kabat, Jr., and seven other defendants, to recover damages sustained by plaintiff in an assault and battery alleged to have been committed upon him by the defendants, pursuant to a conspiracy between the defendants against the plaintiff. On motion for summary judgment on the grounds that the complaint did not state facts sufficient to constitute a cause of action, the trial court denied defendants' motion; and on defendants' appeal from an order to that effect, this court affirmed the order of the trial court and stated in *Fredrickson v. Kabat,* 260 Wis. 201, 204, 50 N. W. (2d) 381 :

"In the instant action the defendants answered to the merits, denying any agreement or conspiracy and also denying that each defendant individually or with others assaulted or injured the plaintiff. · We think issues of fact have thus been joined and when the defendants did not demur or move to make the complaint more definite and certain but proceeded to answer to the merits, then their motions for summary judgment bring us to the merits also. Unlike *Sullivan v. State* [213 Wis. 185, 251 N. W. 251], these pleadings and affidavits do not establish that plaintiff has no right to recover. They reveal that the defendants attended the dance as a group, that one of the group, Kabat, was ejected from the hall by Fredrickson and that immediately the other members of the group followed them to the door; that at the door Fredrickson sustained serious bodily injuries and that at least two of the defendants had their hands on him while others restrained his son. Whether the laying on of hands was assistance or assault is in controversy and also whether the actions of the various defendants were by agreement in furtherance of a common illegal undertaking. We think a search of the pleadings and affidavits establishes the existence of substantial issues of fact upon which the plaintiff is entitled to a trial and we conclude that the learned trial court properly denied defendants' motions for summary judgment."

When the file in this case was remitted to the trial court and the action came on for trial in the circuit court, the defendants separately interposed a demurrer *ore tenus,* which the trial court sustained, with leave to serve an amended complaint.

An amended complaint was served on June 13, 1952, to which the above defendants answered separately, setting up in each answer that the action set forth in the amended complaint is barred by sec. 330.21 (2), Stats. Defendants then made motions for summary judgment and this is the motion now before the court. These motions present questions of law which are proper to be decided on motions for summary judgment. *Sehlin v. State,* 256 Wis. 495, 41 N. W. (2d) 596; *Des Jardin v. Greenfield,* 262 Wis. 43, 53 N. W. (2d) 784.

The question of law to be decided on this motion is whether the amended complaint states a new cause of action or merely restates in a different form the cause of action stated in the original complaint.

As stated in 34 Am. Jur., Limitation of Actions, p. 211, sec. 260:

"*General Rule.* The question whether an amendment to a pleading relates back to the bringing of the suit, for determining the application of the statute of limitations, depends principally upon the nature of the matter asserted by the amendment,—whether the amendment states a new cause of action or merely restates in different form the cause stated in the original pleading. An amendment to the plaintiff's declaration, complaint, or petition so long as it does not introduce a new cause of action or make any new demand or substantially change the cause of action, but merely restates in a different form the cause of action originally pleaded, relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. Under this rule, where an amendment to the plain-

tiff's pleading is properly allowed, so far as regards the statute of limitations it will have the same effect as if his pleading had been properly filed in the amended form at the commencement of the suit. Where, however, the amendment introduces a new cause of action or one which is different and distinct from that originally set up, the new pleading is deemed equivalent to the bringing of a new action, and there is no relation back to the filing of the original pleading which will prevent the statute of limitations from running against the new cause of action down to the time that it is introduced by the amendment. One cannot, under the pretext of amending his pleading, state a new or different cause of action from the one originally stated and thereby avoid the running of the statute of limitations. A 'new cause of action,' within this rule, may refer to new facts out of which liability arises, or to new parties alleged to be entitled under the same facts, or it may embrace both."

An examination of the two pleadings in the case at bar reveals that paragraphs 1, 2, 3, and 4, of the amended complaint are substantially identical with the same numbered paragraphs in the original complaint; and that paragraphs 5 and 6 of the original complaint have been revised and condensed into one paragraph, which is number 5 in the amended complaint; and that paragraphs 6 and 7 of the amended complaint are substantially identical with paragraphs 7 and 8 of the original complaint.

As the trial court stated:

"The examination of this motion may therefore properly be limited to the allegations contained in paragraph 5 of the amended complaint and paragraphs 5 and 6 of the original complaint. A careful reading of these paragraphs convinces me that the amended complaint does not state a new cause of action, but merely restates in different form the cause of action stated in the original complaint. . . . Accordingly the issue of law having been resolved against the defendants, their separate motions for summary judgment are denied."

*By the Court.*—Order affirmed.