HYMAN-MICHAELS COMPANY, Respondent, vs. ASHMUS EQUIPMENT SALES CORPORATION, Appellant.*

*October 10—November 8, 1955.*

* Motion for rehearing denied, with $25 costs, on January 10, 1956.

For the appellant there was a brief and oral argument by *N. Paley Phillips,* attorney, and *Emery Porter* of counsel, both of Milwaukee.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

BROWN, J. Each party is a dealer in construction machinery and equipment. They had a number of deals with each other whereby Hyman-Michaels Company sold or otherwise furnished to the Ashmus Equipment Sales Corporation, or to others upon order of Ashmus, various items of machinery and other equipment. On July 15 or 16, 1949, the parties discussed their mutual account and Hyman-Michaels Company furnished Ashmus Equipment Sales Corporation a statement showing that Ashmus was then indebted to Hyman-Michaels Company on a net balance of $5,182.16. On July 16, 1949, the Ashmus Equipment Sales Corporation executed and delivered to Hyman-Michaels Company its promissory note in that sum, secured by a chattel mortgage. On August 23, 1951, Hyman-Michaels Company demanded payment according to the terms of the note, and followed this with an action on the note. The defendant alleged payment by setoff and cash and counterclaimed. Trial was to the court which found that the note was executed and delivered and found, further, that after the delivery Ashmus Equipment Sales Corporation became entitled to certain credits upon the note for commissions admitted by Hyman-Michaels Company in the sum of $1,767.50 and $500 in cash, reduced

by $62.50 to correct an erroneous credit. The court concluded that Ashmus Equipment Sales Corporation owed Hyman-Michaels Company a balance on the note of $2,977.16, and entered judgment for this amount plus interest and attorney's fees as provided by the note, with costs and disbursements.

Ashmus Equipment Sales Corporation contends that the court erred in not permitting it to prove a counterclaim for credits growing out of the sale by Hyman-Michaels Company of numerous items of machinery upon orders produced by Ashmus Equipment Sales Corporation, all of which took place before the date of the note. The court refused this proof on the ground that the note constituted an account stated and that it settled the amount due either of the parties by the other as of that date. Ashmus Equipment Sales Corporation denied that the note was intended as such a settlement but the inference is very strong that the note in the exact amount of Hyman-Michaels Company's claim on that date, as shown by its statement of the account, was an acceptance of the account and a payment of it. At any rate, it is impossible for us to say that such a determination by the trial court is against the great weight and clear preponderance of the evidence. We conclude that it must stand.

We cannot agree with the learned trial court in its calculation of credits arising in defendant's favor after the delivery of the note. The bulk of these credits, as allowed, represent commissions which Hyman-Michaels Company had allowed Ashmus Equipment Sales Corporation at the rate of five per cent upon orders filled by Hyman-Michaels Company which originated with Ashmus Equipment Sales Corporation. Ashmus testified, and offered much more testimony to which admission was refused, to the effect that Hyman-Michaels Company had offered it a 10 per cent commission on such orders. Plaintiff offered no substantial proof to the contrary,—it merely objected to some of this evidence as immaterial and was sustained by the trial court. In a memo-

randum decision, which is a part of the record, the trial court states that a contract for 10 per cent commissions would be void for want of mutuality where, as here, the salesman did not agree to produce any orders or give any other consideration. Granted that this is so while the contract remains executory, it is not true respecting orders produced before the offer is withdrawn. *Halvorson v. Tarnow* (1950), 258 Wis. 11, 44 N. W. (2d) 577; *Larson v. Superior Auto Parts, Inc.* (1955), 270 Wis. 613, 72 N. W. (2d) 316.

Hyman-Michaels Company admits that commissions were due and allows them at five per cent. Some testimony that 10 per cent was the agreed rate got in. We think it is material but the court did not consider it for the stated reasons, which we consider error. In this state of the record we conclude that the amount allowed for commission credits must be doubled. This will affect the allowance of both interest and attorney's fees and the cause must be remanded for a modification of the judgment by giving credit for commissions in the sum of $3,535, plus an adjustment of interest and attorney's fees.

*By the Court.*—Judgment modified and, as modified, affirmed. Cause remanded for modifications to be made in accordance with the opinion. Appellant to have costs.