Johnson and wife, Plaintiffs and Appellants, v. Bar-Mour, Inc., d/b/a Sterlingworth Hotel, Defendant: O'Donell, Defendant and Respondent.

*March 5—March 30, 1965.*

For the appellants there was a brief by *Habush, Gillick & Habush,* and oral argument by *Howard A. Davis,* all of Milwaukee.

For the respondent there was a brief by *Foley, Capwell, Foley & Kolbe* of Racine, and oral argument by *Rex Capwell.*

GORDON, J. To avoid the impact of the statute of limitations, the plaintiffs have urged that their amended complaint should relate back to the date of their original complaint.

The original complaint was served on a date beyond the two-year limitations period prescribed for an assault action in sec. 330.21 (2), Stats. When confronted with a demurrer to the original complaint, the plaintiffs amended their claim so as to allege that Dolores Johnson's injuries were caused by Mr. O'Donell's "carelessly, recklessly and negligently" pushing her. If it can relate back to the date on which the original complaint was served, the amended complaint was within the three-year period prescribed for injuries to the person in sec. 330.205.

The governing rule in Wisconsin was asserted in *Meinshausen v. A. Gettelman Brewing Co.* (1907), 133 Wis. 95, 102, 113 N. W. 408, where the court said that an amendment:

". . . which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed; and this rule applies although the two causes of action arise out of the same transaction, and, by the practice of the state, a plaintiff is only required in his pleading to state the facts which constitute his cause of action."

The rule of the *Meinshausen Case* has been frequently applied in subsequent decisions. *Perlson v. Dairyland Mut. Ins. Co.* (1964), 23 Wis. (2d) 391, 398, 127 N. W. (2d) 69; *Lealiou v. Quatsoe* (1961), 15 Wis. (2d) 128, 135, 112 N. W. (2d) 193; *Fredrickson v. Kabat* (1953), 264 Wis. 545, 547, 59 N. W. (2d) 484; *Halvorson v. Tarnow* (1950), 258 Wis. 11, 13, 44 N. W. (2d) 577; *Kresge v. Miner*

*Amusement Co.* (1942), 239 Wis. 575, 579, 2 N. W. (2d) 236; *Hafemann v. Seymer* (1926), 191 Wis. 174, 210 N. W. 373; *Curtice v. Chicago & N. W. R. Co.* (1916), 162 Wis. 421, 156 N. W. 484.

The original complaint was based upon an assault. That the plaintiffs recognized this is suggested by the fact that they amended their complaint after a pleading by Mr. O'Donell pointed out that the assault claim was barred by the two-year provision of sec. 330.21 (2), Stats. The plaintiffs' effort to have us read the original complaint as one averring negligence is not persuasive.

The amended complaint does sound in negligence. It is a different cause of action than the intentional wrong (assault) originally alleged. It is not fairly to be labeled an expansion or mere variation of an assault. The facts which would be relied upon to establish the original complaint are undoubtedly identical or closely related to those to be used to establish the amended claim; nevertheless, the cause of action is inherently new and different; relation back does not apply. The *Hafemann Case, supra,* is particularly applicable to the case at bar insofar as it distinguishes between gross negligence and ordinary negligence; the same distinction can be made as to intentional and unintentional wrongs.

In our opinion, the trial court properly granted summary judgment to Mr. O'Donell, since the plaintiffs' claim against him under the amended complaint was untimely under sec. 330.205, Stats.

*By the Court.*—Judgment affirmed.