WURTZLER, Respondent, v. MILLER, Appellant.

*May 11—June 7, 1966.*

312

For the appellant there was a brief by *Aberg, Bell, Blake & Metzner* and *Gerald J. Bloch,* all of Madison, and oral argument by *Mr. Bloch.*

For the respondent there was a brief by *Maurice B. Pasch* and *Harry Sauthoff, Jr.,* both of Madison, and oral argument by *Mr. Sauthoff.*

HALLOWS, J. For the purpose of this appeal we will assume without deciding that plaintiff's original complaint, which was served within the three-year period permitted by sec. 330.205, Stats., for commencing the action, was defective because of the failure to either allege: (1) That defendant's dog was mischievous or vicious, or (2) specific acts of negligence on the part of the defendant with respect to the keeping of his dog.[2] Based on this assumption, the principal issue presented by this appeal is whether this statute of limitations bars plaintiff's cause of action because his complaint was not amended so as to state a good cause of action until after the statute had run.

We conclude that the statute of limitations does not bar plaintiff's cause of action.

The defendant first contends the sustaining of the demurrer to the original complaint determined it stated no cause of action and hence the amendment made after the expiration of the period of limitations had nothing to refer back to and it stood alone and barred by the statute. We do not think the sustaining of a demurrer has or should be given such effect in respect to amendments and the period of limitations. This identical argument made by the defendant was advanced and rejected in *Fredrick-*

---

[2] Concerning point (1), see *Legault v. Malacker* (1914), 156 Wis. 507, 145 N. W. 1081, which holds that if a complaint alleges a dog attacked a person who was where he might lawfully be and in the exercise of ordinary care, it is unnecessary to allege that the dog was vicious or mischievous.

*son v. Kabat* (1953), 264 Wis. 545, 59 N. W. (2d) 484. In that case the plaintiff sued to recover damages for assault and battery. The defendant interposed a demurrer *ore tenus*. The trial court sustained the demurrer on the basis that the complaint did not state a cause of action and allowed the plaintiff to amend his complaint. The amended complaint was served and the defendants in their answer thereto raised the two-year statute of limitations for assault actions (sec. 330.21 (2)) which had intervened between the original and the amended complaint. The trial court held the amended complaint alleged the same cause of action as the original complaint so that the statute of limitations did not bar the action. On appeal, this court concluded that the amended complaint did not state a new cause of action in spite of the fact the demurrer was sustained to the original complaint.

Under the defendant's argument unless the plaintiff pleads a good cause of action prior to the expiration of the period of limitations the complaint cannot be amended; or if a defective cause of action is pleaded it may only be corrected by a voluntary amendment to properly state the cause of action before a demurrer is sustained. We think this view is an unreasonable interpretation of the effect of sustaining a demurrer and of the statement of a cause of action for the purposes of the statute of limitations.

Where the complaint is served within the statutory period but fails to state a cause of action because of an omission which is supplied by an amendment made after the expiration of such statutory period, plaintiff's cause of action is not barred by the statute. This court so held in *Curtice v. Chicago & N. W. R. Co.* (1916), 162 Wis. 421, 156 N. W. 484, where it was stated:

"The cause of action upon which the plaintiff sought to recover damages was defectively stated in the original complaint and the defects were cured by the amendment. But one cause of action was stated. The amendment re-

lated back to the original complaint and became a part of it, hence the statute of limitations was no defense." [3]

The test of when an amendment to the complaint made is permissible was stated in *Johnson v. Bar-Mour, Inc.* (1965), 27 Wis. (2d) 271, 133 N. W. (2d) 748. There the court, quoting from *Meinshausen v. A. Gettelman Brewing Co.* (1907), 133 Wis. 95, 102, 113 N. W. 408, said that an amendment:

". . . which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed; and this rule applies although the two causes of action arise out of the same transaction, and, by the practice of the state, a plaintiff is only required in his pleading to state the facts which constitute his cause of action." [4]

Under the principle enunciated by the second sentence of the above-quoted extract, defendant contends that the purported second cause of action of the amended complaint is barred by the statute of limitations. This is grounded on a misinterpretation of our decision in *Nelson v. Hansen* (1960), 10 Wis. (2d) 107, 102 N. W. (2d) 251, that an action grounded on sec. 174.02, Stats., is a separate cause of action apart from one alleging negligence

[3] Id. page 424. Also see *Perlson v. Dairyland Mut. Ins. Co.* (1964), 23 Wis. (2d) 391, 398, 127 N. W. (2d) 69; 34 Am. Jur., Limitation of Actions, p. 216, sec. 263; 54 C. J. S., Limitations of Actions, p. 328, sec. 280.

[4] *Johnson v. Bar-Mour, Inc., supra,* at page 273. This is in accord with the general rule, see 54 C. J. S., Limitations of Actions, p. 320, sec. 279; 34 Am. Jur., Limitation of Actions, p. 211, sec. 260.

against the owner of a dog who has bitten plaintiff. We thought we had made it clear in the *Nelson Case* that a cause of action grounded on sec. 174.02 is one in negligence, and is subject to the comparative-negligence statute [5] where the defense of contributory negligence of plaintiff is established.[6] Where the action is grounded on sec. 174.02 the negligence of the defendant dog owner is established when it is proved he kept a mischievous or vicious dog without proving that he knew the dog had such propensities. On the other hand negligence can be established independently of sec. 174.02, for example, by proving failure to keep the dog on a leash or confined to a pen when required by ordinance to do so. Therefore, plaintiff's amended complaint states but one cause of action although it purports to state two.

*By the Court.*—Order affirmed.

CURRIE, C. J. (*concurring*). Appellant defendant's principal contention is that the circuit court's order sustaining the demurrer to the original complaint served within the three-year limitation period constitutes the law of the case and conclusively establishes that such complaint failed to state a cause of action. From this hypothesis he argues that such a defective complaint is the equivalent of no complaint and therefore cannot be amended after the running of the limitation period so as to state a cause of action. The fallacy of this argument

---

[5] Sec. 331.045, Stats.

[6] The sentence in the *Nelson* opinion which probably caused the misinterpretation appears at page 120 and reads, "Because this court has committed itself to the rule that contributory negligence in the sense of lack of ordinary care is a bar to the liability of the owner of a dog in an action under sec. 174.02, Stats., such contributory negligence should be subject to the application of the comparative-negligence statute when the negligence of the owner is proven." In so speaking of contributory negligence as a bar we were referring to our holdings prior to the adoption of sec. 331.045 in 1931.

is that it erroneously assumes that in order to prevent the running of the statute of limitations a good complaint must be served within the statutory period.

The question of when an action is commenced so as to arrest the running of the statute of limitations is usually dependent upon express statutory provisions.[1] Wisconsin is one of the many jurisdictions which has specified by statute how an action is to be commenced so as to arrest the running of the statute of limitations by enacting sec. 330.39, Stats., which provides:

"**Action, when commenced.** An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him."

Thus an action is commenced within the meaning of ch. 330, Stats. (Limitations of Actions), by service of a summons without a complaint. Accordingly a plaintiff who serves a defective complaint within the limitation period, but which he is permitted to amend after the running of such period so as to state a good cause of action, should be in no worse position than if he had only served a summons within such period and thereafter serves a complaint which does state a cause of action.

A complaint that is first served after running of the limitation period relates back to the summons that was served within the period. It thus establishes once and for all the nature of the cause of action for which the summons was served, and cannot thereafter be amended so as to state a different cause of action.

I am authorized to state that Mr. Justice BEILFUSS joins in this concurring opinion.

---

[1] 34 Am. Jur., Limitation of Actions, p. 208, sec. 254. See also 1 Am. Jur. (2d), Actions, p. 615, sec. 86.