## DEARTH VS. BAKER.

*Liability for injury done by domestic animals.*

The owner of a domestic animal is not liable for injuries done by it, unless he had notice of its mischievous propensity, or the injury was attributable to some neglect on his part.

APPEAL from the Circuit Court for *La Fayette* County.

Action for damages accruing to plaintiff by reason of his team of horses, while being driven upon a highway, having been attacked by defendant's dog, and caused to run away, whereby one of the horses was killed. The complaint avers that the dog was in the habit of attacking teams on the highway, and that plaintiff knew of such habit. Answer, a general denial. The court instructed the jury that plaintiff could not recover, unless the injury resulted from some mischievous propensity of the dog, known to defendant.

Verdict for the plaintiff; new trial denied, and defendant appealed from a judgment on the verdict.

*P. A. Orton, Jr.,* for appellant.

*George L. Frost* and *Chas. Dunn* (with whom was *S. U. Pinney,* of counsel), for respondent.

DOWNER, J. The evidence shows that the dog jumped upon one of the horses of the plaintiff, and barked, and so frightened the horses that they ran away, and one of them was killed. But there is no evidence that the appellant (defendant below) previously knew that the dog was accustomed to do such acts, or that he had ever done such an act before. The owner of a domestic animal is not liable for injuries done by such animal, unless he previously had notice of his vicious or mischievous propensities, or the injury was attributable to some neglect on his part. Chitty's Pl., 69; *Vrooman v. Lawyer,* 13 Johns., 339.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.