KERTSCHACKE VS. LUDWIG.

*Injuries by domestic animal—Scienter—Laws of 1866, ch. 110, sec. 13.—Effect of repeal of statute, on pending action.*

1. By the common law no recovery can be had for injuries done to plaintiff by the dog of defendant, without alleging and proving that the latter had notice or knowledge that the animal was vicious.

2. *Quære,* whether sec. 13, ch. 110, Laws of 1866, changed this rule, except as to injuries done by dogs in killing or worrying sheep.

3. If that act, while in force, dispensed with allegation and proof of the *scienter,* still an action commenced under it while it was in force could not be maintained after the act was repealed (without any saving clause) by ch. 32, Laws of 1870.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff appealed from a judgment dismissing the complaint, &c. The case is stated in the opinion.

*E. Fox Cook,* for appellant, relied on ch. 110, Laws of 1866; and, as to the effect of the repealing statute, he cited *Stephens v. Marshall,* 3 Chand., 222; *Selsby v. Redlon,* 19 Wis., 17; 1 Kent's Comm. (5th ed.), 455; *Watson v. Mercer,* 8 Peters, 110; 7 Johns., 477; 2 Gallis., 139; 1 Yerg., 360; 5 id., 320; 4 Vt., 37; 1 Blackf., 374, 220; 3 N. H., 473; 3 Dall., 391, 397, 386; 5 Mon., 122; 18 Johns., 138; 2 Cranch, 272; 11 Mass., 396; 7 Conn., 550.

*A. C. Fraser,* for respondent, as to the necessity, at common law, of an averment of the *scienter,* cited 1 Chitty's Pl. (13th Am. ed.), 82; *Vrooman v. Lawyer,* 13 Johns., 339; *Hinckley v. Emerson,* 4 Cow., 351 (352); *Auchmuty v. Ham,* 1 Denio, 495 (498); *Lyke v. Van Leuven,* 4 id., 127 (128); *Tifft v. Tifft,* id., 175 (177); *Van Leuven v. Lyke,* 1 Coms., 515 (516); *Dearth v. Baker,* 22 Wis., 73. To the point that if sec. 13, ch. 110, Laws of 1866, created a new *cause of action,* unknown to the common law, its repeal divested all inchoate rights arising under it, he cited Dwarris on Stat., 676; Smith's Comm., §§ 759, 761, 765–769; Cooley's Cons. Lim., 862; *Key v. Goodwin,* 4 M. & P.,

341 (351); *Maggs v. Hunt*, 12 Moore, 357 (359); *People v. Livingston*, 6 Wend., 526 (530); *Butler v. Palmer*, 1 Hill, 324 (334); *Beebee v. O'Brien*, 10 Wis., 481 (483). To the point that if the statute provided a new remedy, its repeal determined the action, unless it could be maintained according to the rules of the common law, he cited Dwarris, 677; Smith's Comm., 757–770; Cooley's Con. Lim., 362; Sedgwick on Stat. and Con. Law, 692; *Beebe v. O'Brien, supra*; *Comm. v. Duane*, 1 Binney, 601 (608), &c., &c.

The following opinion was filed at the January term, 1871:

LYON, J. This action was brought to recover damages for injuries inflicted upon the plaintiff by the dog of the defendant. The complaint does not allege that the dog was vicious, and that the defendant had knowledge of the fact. That is, it does not allege the *scienter*. The action was commenced in March, 1869, and came on for trial in the county court, December 22d, 1870. A jury was empannelled and sworn to try the issue of fact which had been made by the answer of the defendant, and the plaintiff proceeded to introduce testimony, when defendant, by his counsel, objected to the admission of any evidence on the part of the plaintiff on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection, and excluded all evidence under the complaint, and gave judgment against the plaintiff dismissing the complaint, and for costs. No application was made to the court for leave to amend the complaint. The plaintiff appeals from such judgment to this court.

It is alleged in the complaint that the plaintiff was lawfully upon the premises of the defendant, when the injuries were inflicted upon him. In such case, by the common law, it was indispensably necessary to a recovery, that the plaintiff allege in his complaint or declaration, and prove upon the trial, the *scienter*. This rule is so well settled that no reference to authorities is necessary to sustain it. It was recognized by

this court in *Dearth v. Baker*, 22 Wis., 73 ; and the cases which assert and apply it are very numerous. The complaint, then, does not state facts sufficient to constitute a cause of action, and the court properly excluded all evidence under it, unless the defect therein was cured by some statute.

It is not claimed that there was any such statute in existence when the action came on for trial ; but it is claimed that there was a statute in force when the action was commenced, and when the issue was joined, which dispensed with the necessity of alleging or proving the *scienter*.

The statute referred to, is chapter 110 of the general laws of 1866, which was repealed March 9th, 1870, by chapter 32 of the general laws of that year.

Section 13 of the act of 1866, provided as follows : " The owner or keeper of any dog or dogs which shall have wounded, maimed or killed any cattle, horses, sheep or lambs, or injured any persons, shall be liable to the owner or legal possessor of such cattle, horses, sheep or lambs, or to the person injured, in all damages so done by said dog or dogs, without proving notice to the owner or keeper of such dogs, or knowledge by him that his dog was mischievous, or disposed to kill or worry sheep ; and all laws conflicting with this section are hereby repealed."

The repealing act is absolute and unconditional, containing no provision saving to any person any rights whatever under the repealed law.

Conceding, for the purposes of the argument, that the act of 1866 was sufficiently broad to dispense with the necessity of averring the *scienter* in this complaint, the question arises as to the effect of the repeal of that act upon this action.

It is very clear that the statute of 1866 created a cause of action, or gave a remedy, where one did not exist before the enactment of the law. If it was applicable to this case, it gave the plaintiff an action for the injuries received by him, and a remedy therefor, although the defendant had no knowledge whatever of the vicious propensity of his dog, and the plaintiff

Kertschacke vs. Ludwig.

could not have maintained an action for such injuries at the common law, but only by virtue of the statute. It is said by the chief justice, in delivering the opinion of the court in the case of *Beebe v. O'Brien*, 10 Wis., 481, that it is so abundantly established by the authorities, that the absolute repeal of a statute of this character carries with it actions pending at the time of such repeal, as not to admit of a doubt or of discussion. The authorities which so hold are numerous, and many of them are cited in the able brief of the counsel for the defendant. They leave no doubt upon our minds that the law is correctly stated in *Beebe v. O'Brien*, and that when the law of 1866 was repealed, it carried with it the plaintiff's right of action as the same is stated in his complaint, and deprived him of any remedy for the injuries complained of therein. The county court was right, therefore, in excluding all testimony under the complaint in its present form. We concede, for the purpose of this argument, that the law of 1866 was sufficiently broad to include this case within its provisions. But we have grave doubts whether it admits of so liberal a construction. We are strongly inclined to the opinion that sec. 13, notwithstanding it contains some general words, should be construed as dispensing with the necessity of proving the *scienter* only in actions for killing or worrying sheep. It is not necessary, however, in the view we have taken of the effect of the repeal of that law, to decide this question of construction.

The judgment of the county court must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied at the June term, 1871.