SCHALLER vs. CONNORS.

*March 14 — April 4, 1883.*

*Liability for injury by dog.*

Under sec. 1620, R. S., the owner or keeper of a dog is liable not only for an injury to the body of a person but also for injury to the clothes which such person was wearing at the time, although knowledge that the dog was mischievous is not proved.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice CASSODAY:

" This was an action to recover damages sustained by the plaintiff in consequence of being bitten on the left leg by a

Schaller vs. Connors.

dog, alleged to belong to and kept by the defendant, and by him wrongfully and negligently suffered to be at large, knowing him to be of a ferocious and mischievous disposition, and accustomed to bite mankind, and which bite is alleged to have caused the plaintiff great pain and fright; and also for injury and destruction of a pair of pants then belonging to and being worn by him, of the value of $3.50, in all to his damage of $15, for which he demanded judgment. The defendant put in a general denial, and alleged tender of fifty cents, which was paid into court. The cause was tried without a jury, by and before a justice of the peace, who at the close of the testimony rendered judgment for the plaintiff and against the defendant for $1.50 damages and costs. From that judgment the defendant appealed to the circuit court, where the judgment was affirmed, and from which this appeal is brought."

*J. W. Bates*, for the appellant.

*William Street*, for the respondent.

CASSODAY, J. The statute provides that "the owner or *keeper* of any dog, which shall have injured or caused the injury of any person or property, or killed, wounded, or worried any horses, cattle, sheep, or lambs, shall be liable to the person so injured, and the owner of such animals, for all damages so done, without proving notice to the owner *or keeper* of such dog, or knowledge by him that his dog was mischievous or disposed to kill, wound, or worry horses, cattle, sheep, or lambs." Sec. 1620, R. S. Thus the statute makes the "keeper" of a dog liable for the injury, even though he be not the owner. The evidence here is sufficient to sustain the finding of the justice that the defendant was the keeper of the dog in question. He testified that he had kept him off and on for three or four years; that he and his folks had fed him; that the dog was in the habit of going with him; and was at his house the night of the injury and

before.   So, under the statute, the defendant, as such keeper, was liable for such injury, without proving that he had previous knowledge or notice of the mischievous character of the dog.   This is conceded by his counsel, so far as the injury to the plaintiff's person was concerned, but he thinks it was otherwise as to the injury to the plaintiff's pants; and hence, as to them, he thinks there could be no recovery, except on proof of notice, which he claims was not made.

Assuming such to be the construction, yet there is evidence that the dog bit the plaintiff's leg, and that, although the injury was not very severe, it was such as to leave teeth-marks on his leg; for which injury alone the justice may, for aught that appears in the record, have rendered the judgment in question.   Assuming that he did so, then we would not be justified in reversing the judgment for excessive damages. To reverse a judgment, error should be made to appear affirmatively in the record, as every reasonable presumption is to be indulged in support of the judgment.   Accordingly we should feel bound to presume, if necessary to sustain the judgment, that the damages given were not for injury to the pants, but for injury to the person.

But we do not think the section should receive the limited construction sought to be put upon it.   The liability for the injury mentioned in the section manifestly includes, not only damages to the body of the person injured, but also to the clothes he is wearing at the time.   Such wearing apparel is so personal to the individual that we cannot think the legislature intended to exclude injury to it from the application of the section.

It is urged upon the part of the plaintiff that the appeal is without any merit, and hence that double costs should be allowed under sec. 2951, R. S.   We agree with counsel that no appeal should ever have been taken from the justice's court to the circuit court, much less from the circuit court to this court; but the appeal seems to have been prosecuted in good

faith, and we do not think, therefore, that such double costs should be inflicted by way of punishment.

*By the Court.*— The judgment of the circuit court is affirmed.