## HARRIS, Respondent, vs. HOYT, Appellant.

*October 27—November 16, 1915.*

*Dogs: Liability of owner for injury to person: Trespassers: Negli-- gence of owner.*

1. Sec. 1620, Stats. 1913, abrogates the necessity of alleging and· proving *scienter* on the part of the owner or keeper of a dog· which has injured a person or property, but does not impose an. absolute liability for such injury.

2. Plaintiff, wishing to visit a lady who lived upstairs in a duplex. flat, entered a door from the street into a common vestibule,. from which a door to the right led to the lower flat occupied by defendant, and a door to the left led to the upstairs flat. The· two doors were about a foot apart. Plaintiff had never been in\ the flat before. She rang the bell of the upper flat and was told to come up by the occupant thereof, who pressed the electric· button which released the lock of the door leading to it. Plaint- iff tried the left-hand door, which she thought led to the upper· flat, but as it did not readily open she concluded it was the· wrong door, and tried the right-hand door, which opened and a dog came out and bit her while she still had her hand on the door knob. *Held*, that plaintiff was not a trespasser at the· time she was injured.

3. A jury in the Milwaukee civil court having found that defendant was negligent in the keeping of the dog, having in mind the pre- vention of injuries to any person, and the civil court having set aside the verdict and dismissed the action, it is *held* that under· the evidence the circuit court was not clearly wrong in revers-· ing such judgment and granting a new trial on the ground that. whether defendant was negligent was properly a jury question.. BARNES, J., dissents.

APPEAL from an order of the circuit court for Milwaukee· county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover damages resulting from being bitten by a. dog kept by the defendant. August 5, 1914, plaintiff desired' to visit a Mrs. Karrow, who lived upstairs in a duplex flat, the lower flat being occupied by the defendant. A common door· opened from the street into a vestibule three or four feet deep and eight feet wide. From this common vestibule the door to·

the right led to the flat of the defendant and the door to the left to the flat upstairs occupied by Mrs. Karrow. The two doors were about a foot apart. Plaintiff had never been in the flat before. After entering the common vestibule she rang the bell leading to Mrs. Karrow's flat. Mrs. Karrow answered immediately and asked who was there. On being informed she told plaintiff to come up, and pressed the electric button that released the lock of the door to her flat. The plaintiff heard the click of the released lock, took hold of the left-hand door which she supposed was the one leading to Mrs. Karrow's flat, but as it did not readily open she concluded she was attempting to open the wrong door, so she took hold of the right-hand door, opened it far enough so that the dog kept by the defendant could pass through, which he did, and bit her while she still had her hand on the door knob. The defendant was about sixty years old and kept the dog—a French bull—for a companion, as she was left alone a great deal. It had never given any trouble before except once about eighteen months previously, when it was in the house and a boy opened the door and it bit the boy's hand. On the day in question the defendant was in the dining room with the dog, and on hearing a noise at the door she spoke to the dog and said "There comes Harlowe," meaning her son, and the dog immediately ran for the door with the result stated. Defendant's door was usually locked, but owing to its swelled condition it had not been shut tight enough to permit the lock to catch at the time of plaintiff's injury.

The action was begun in the civil court, where the jury found (1) that plaintiff was free from contributory negligence; (2) that the defendant failed to exercise ordinary care in the keeping of the dog, having in mind the prevention of injuries to any person; and (3) damages in the sum of $925.50. The court, however, set aside the verdict and entered judgment dismissing the action. From such judgment plaintiff appealed to the circuit court. That court entered an

order reversing the judgment of the civil court, and granted a new trial in the circuit court, from which order the defendant appealed.

For the appellant there was a brief by *Cochems & Wolfe*, and oral argument by *H. O. Wolfe.*

For the respondent the cause was submitted on the brief of *Curtis & Mock.*

VINJE, J. Defendant correctly contends that sec. 1620, Stats. 1913, does not impose upon the owner or keeper of a dog an absolute liability to respond in damages to any one bitten by it no matter under what circumstances. The section provides:

"The owner or keeper of any dog which shall have injured or caused the injury of any person or property or killed, wounded or worried any horses, cattle, sheep or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep or lambs."

Its purpose was to abrogate the necessity of alleging and proving *scienter* on the part of the owner or keeper, not to impose an absolute liability. *Schaller v. Connors,* 57 Wis. 321, 15 N. W. 389; *Meracle v. Down,* 64 Wis. 323, 25 N. W. 412; *Legault v. Malacker,* 156 Wis. 507, 145 N. W. 1081. But it does not follow from this that the circuit court erred in setting aside the judgment of the civil court and in granting a new trial. It was evidently the opinion of the court that a jury might properly find defendant guilty of a want of ordinary care in keeping the dog at home, as she did, where it might injure any stranger who accidentally, as the plaintiff did, or otherwise, opened the door to the flat where it was kept. Can we say that such a conclusion was clearly erroneous? In order to reverse we must be able to do that. Plaintiff was not a trespasser at the time she was injured. She was right-

fully in the vestibule when the dog bit her. The mistake of opening the wrong door as she did was one that might happen to any one, and did not spell negligence on her part. The construction of the entrances of the two flats was such that a jury might reasonably conclude the defendant ought to have anticipated that such a mistake as the plaintiff made might readily occur and hence she should have kept the dog so secured that he could not injure an innocent intruder. It is shown also that she had knowledge of the fact that the dog had once before under very similar circumstances bitten the hand of a boy who was opening the door of a room where it was.

Defendant relies upon the rule as to the duty owing to trespassers stated in *Zartner v. George,* 156 Wis. 131, 145 N. W. 971. For the reason already stated that plaintiff in this case was not a trespasser, as well as for the further reason that the rule in *Zartner v. George* applied obviously to the physical condition of the premises and not to the keeping of vicious animals, it can have no application to the instant case. Just how far the fact that plaintiff is a trespasser, where such is the case, may modify the rule of liability need not be determined. The authorities, however, are quite uniform that the mere fact of plaintiff being a trespasser is not always a complete defense. *Meibus v. Dodge,* 38 Wis. 300; 1 Ruling Case Law, p. 1123; 3 Corp. Jur. pp. 97 *et seq.*

Since there must be a new trial in which a jury will pass upon the question of defendant's negligence in keeping the dog under the circumstances shown by the evidence, we forbear to comment upon its probative force on that question further than to state that it can support a finding either way.

*By the Court.*—Order affirmed.

BARNES, J. (*dissenting*). I think the plaintiff was technically a trespasser, in that she entered a private dwelling place without license or invitation. It was no fault of de-

fendant that plaintiff made a mistake. This question aside, in my judgment the defendant should not be held liable. She was sixty years of age and "was left alone in the house a great deal, particularly nights—sometimes in the daytime, and many times a week alone in the building." She testified without contradiction that she kept the dog to look after her and to take care of her. She had owned the dog for seven years, and once about eighteen months before it had bitten a boy slightly, under just what provocation does not appear, but it occurred on the back doorstep outside of the house in which plaintiff was then living. When taken out of the house in Milwaukee the dog was always held in leash. During an existence of seven years this animal had only one mark to his discredit, which would be a good record for most members of the animal kingdom. This dog was not a man-eater. I think the defendant had a right to keep him in her home for companionship and protection against marauders, and that she was not guilty of any negligence in so doing. I further think that a person may keep a dog in his house without being negligent, where he knows that the animal will bite intruders. A caller may make a mistake as to the door which should be entered in order to call on another, but this does not justify the caller in promiscuously opening doors and intruding into other places. There is one invariable custom that is pursued in such cases, and that is to knock, and await a response and an invitation to enter before doing so. The plaintiff says she had an invitation to enter in this instance, from the lady on whom she intended to call, but, finding that what she supposed was the right door did not open easily, she concluded to try the other one. Assuming that plaintiff was not a trespasser, the meat of the case is here: Defendant had a right to suppose that no one except a member of her family, or perhaps a licensee, would enter her apartments except by invitation. Can it be said that she should reasonably have anticipated that some person desiring to call on her neighbor

and who had knocked at her neighbor's door and had been bidden to enter, would then attempt to enter by another door leading to another apartment? I do not think so. I am entirely in sympathy with the rule that, where a person is in a place where he has a right to be and is, without provocation, bitten by a dog, the owner should be held responsible. I do not think the rule should be extended to a home where a dog has a right to be and where the person bitten has no such right; and whether she was a trespasser or not, plaintiff had no right to open defendant's door without invitation.