SCHRAEDER, Appellant, vs. KOOPMAN and wife, Respondents.

*May 11—June 21, 1926.*

*Animals: Dog causing loss of control of automobile and injury to driver: Liability of owner of dog.*

1. At common law the owner of a dog was not liable for its vicious act unless he had prior knowledge of its vicious propensities; but under sec. 174.02, Stats., such knowledge is not necessary to a *prima facie* case of liability. p. 460.
2. Even under said sec. 174.02 the owner may avoid liability for the vicious act by showing the contributory negligence of the injured person. p. 460.
3. Evidence showing that plaintiff was injured when his automobile struck a dog on the highway, causing him to lose control of his car, is *held* insufficient to go to the jury in an action against the owner of the dog. p. 461.

APPEAL from a judgment of the circuit court for Ozaukee county: C. M. DAVISON, Circuit Judge. *Affirmed.*

This is an appeal from a judgment dismissing the plaintiff's complaint with costs.

For the appellant the cause was submitted on the brief of *Brennan, Lucas & O'Day* of Milwaukee.

*Peter M. Huiras* of Port Washington, for respondents.

CROWNHART, J.   The action was based upon injuries to the plaintiff resulting from a collision between plaintiff's automobile and defendants' dog.   The dog was at large and started to cross the highway in front of plaintiff's oncoming automobile.   The plaintiff ran into the dog and lost control of his car, and he suffered very severe injuries as a result.   There was no evidence that the dog was vicious or mischievous, and there was no evidence that the defendants were guilty of any negligence other than allowing the dog to be at large, if that be negligence.   On the contrary, the testimony on the part of the defense showed that the dog was not vicious or mischievous.

Plaintiff relies upon sec. 174.02, Stats. (formerly sec. 1620), which reads as follows:

"The owner or keeper of any dog which shall have injured or caused the injury of any person or property or killed, wounded or worried any horses, cattle, sheep or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep or lambs."

At the common law the owner was not liable for damages resulting from the vicious act of his dog unless he had prior knowledge of its vicious propensities.   *Slinger v. Henneman,* 38 Wis. 504.   But the statute quoted dispenses with the scienter, and it is not now necessary to a *prima facie* case to show defendant's previous knowledge of the vicious character of the dog.   However, the statute does not fix absolute liability of the owner even for the vicious acts of his dog.   On the contrary, he may show contributory negligence on the part of the injured party as a defense to an action for damages under the statute.   *Harris v. Hoyt,* 161

Wis. 498, 154 N. W. 842; *Legault v. Malacker*, 166 Wis. 58, 163 N. W. 476.

Considering the history of the statute and the decisions of this court, it is plain that the statute does not impose liability on the owner for damages caused by the innocent acts of his dog, but only for its vicious or mischievous acts. Such damages resulting from innocent acts of the animal must rest, if at all, upon the negligence of the owner, the same as for damages resulting from acts of other animals. As to other animals running at large, see *Fox v. Koehnig, post,* p. 528, 209 N. W. 708. This is the logical result of the decisions, and it is good law; as illustrated by this case.

Here the dog was not shown to be vicious or mischievous. He attempted to cross the highway in front of plaintiff's automobile. He evidently misjudged the speed of the car, and paid the penalty with his death. But this does not establish the negligence of the defendants. We take common knowledge that it is the usual and common custom for farmers' dogs to run at large. There is no law restraining them, applicable to the situation here. The defendants were not with their dog, had no reason to expect the collision between the dog and the plaintiff's machine, and hence were not negligent.

The cause was submitted to the jury on the theory that the statute above quoted was applicable, and the jury were instructed accordingly. The jury found that the plaintiff was guilty of contributory negligence and that the defendants did not fail to exercise ordinary care in relation to the dog. We think both answers were sufficiently substantiated by the evidence. But under the law, as we construe it, there was no case to go to the jury, and the judgment dismissing the complaint was proper. This makes unnecessary the other assignments of error by appellant.

*By the Court.*—The judgment of the circuit court is affirmed.