NELSON and another, Appellants, v. HANSEN, Respondent.

*March 9—April 5, 1960.*

108

For the appellants there was a brief by *Lepp & Lepp* of Kenosha, and oral argument by *Burton Lepp*.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon*.

HALLOWS, J. Three questions are raised: 1. Was the minor plaintiff guilty of contributory negligence? 2. Is contributory negligence a complete bar to recovery, or does the comparative-negligence statute (sec. 331.045) apply? 3. Was the award of $2,000 for personal injuries grossly inadequate?

The facts are not substantially in dispute. The defendant was the owner of a large German shepherd dog which he kept as a pet for his minor children. On the evening of March 21, 1958, when the defendant opened the side door of his home for a caller, the dog slipped out and did not return. The defendant looked for the dog unsuccessfully that night and again the next morning. However, the following morning the dog was wandering about, several blocks away, on the street where the plaintiffs lived. The neighborhood children were playing with the dog when Bobby, the minor plaintiff, age eleven, joined them. Bobby thought it was a friendly dog, played with it, and petted it on the back. Eventually the dog, two little girls, and Bobby got onto the porch of Mrs. Wilbur Larsen, a few doors

south of the Nelson home. Mrs. Larsen heard some noise, came to the door, and opened the inside door but kept the storm door closed. Mrs. Larsen owned a small dog, but it is not clear whether her dog was at the door or was seen by the defendant's dog. At least, Mrs. Larsen pushed her dog back from the door. The defendant's dog was walking back and forth on the porch. It was not growling. It placed its paws upon the Larsen storm door. Mrs. Larsen testified she told the children to step back from the door because she thought the glass might break. Bobby understood that Mrs. Larsen wanted the dog off the door and was requesting the dog's removal. Bobby then approached the dog from its rear and placed his arms around it just below its front legs. The dog turned around and bit Bobby in the face, then placed its paws on Bobby's shoulders and continued to bite Bobby. After the attack Bobby went home and was taken to the hospital. Mrs. Larsen in the meantime called the police who came after the dog. The dog was friendly and hopped into the police car upon call.

The minor plaintiff's more-serious injuries consisted of lacerations of the right cheek, left corner of the mouth, left cheek, and at the angle of the jaw. The wounds were deep and ragged and required about 75 sutures. Bobby was hospitalized for a week, suffered pain and numbness during this period and during the next two weeks at home. The scars are permanent and noticeable; one on the left cheek has become a little wider and another lumpy. The scars can be minimized by plastic surgery but not eliminated, and more reddening of the scars can be expected. ·

The plaintiffs argue that Bobby at the time he was bitten had acted as a normal boy of eleven years would act, and his action was instinctive and took place in the course of childish play. The defendant points out that the dog was raised as a pet in a family which had two small ·children

and was accustomed to children, and that it was the act of Bobby, in approaching the dog from the rear and startling it when its attention was fixed on the dog inside the house, which caused the injury. Bobby had a dog of his own and had been told by his parents that he should not surprise it. However, Bobby did not think he would surprise the defendant's dog because it was so friendly.

In considering the question of contributory negligence, the jury could reasonably consider that there was sufficient credible evidence that the defendant's dog was manageable, friendly, and responsive, and that it had been startled by Bobby's action. The jury could also consider that the act of Bobby's was not malicious or designed to antagonize the dog, and was an instinctive act of a child in response to what he thought was a request of an adult. As a matter of law we cannot say that Bobby was or was not negligent in what he did to the strange dog. The jury was properly instructed on the question of the standard of care to be exercised by a boy of Bobby's age, and there is credible evidence to sustain the jury's finding of contributory negligence.

The second question is whether contributory negligence is a complete bar to recovery or whether the comparative-negligence statute applies. This raises a new and interesting question because this court has not previously considered whether the doctrine of comparative negligence applied to dog-bite cases. A decision on this question requires us to examine the nature of the liability of an owner of a dog. Sec. 174.02 [1] and sec. 331.045, Stats.,[2] are set forth below.

[1] "174.02 OWNER'S LIABILITY. The owner or keeper of any dog which shall have injured or caused the injury of any person or property or killed, wounded, or worried any horses, cattle, sheep, or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was

Almost continuously since 1852 there have been statutes on the subject of the liability of dog owners. Some of the earlier acts were repealed or held unconstitutional. *Slinger v. Henneman* (1875), 38 Wis. 504. Since 1878, the section has been substantially in the same language as is now provided in sec. 174.02. It has been said that the purpose of the act originally creating this section was to encourage the raising of sheep and to discourage the raising of dogs. *Nelson v. Nugent* (1900), 106 Wis. 477, 82 N. W. 287.

In this state at common law the owner was not liable for damages resulting from the vicious act of his dog unless he had prior knowledge of its vicious propensities, *Slinger v. Henneman, supra,* or the injury was attributable to some negligence on the part of the owner, *Dearth v. Baker* (1867), 22 Wis. 70 (\*73). Negligence in the manner in which he kept domestic animals has been the basis of their owner's liability. *Fox v. Koehnig* (1926), 190 Wis. 528, 209 N. W. 708 (horse loose on the highway); *Kocha v. Union Transfer Co.* (1925), 188 Wis. 133, 205 N. W. 923 (horse being led behind a wagon on a public street); *Leipske v. Guenther* (1959), 7 Wis. (2d) 86, 95 N. W. (2d) 774, 96 N. W. (2d) 821 (horse reaching over pasture fence and biting child); and cases hereinafter discussed. At common law, an owner or keeper of a domestic animal which is not abnormally dangerous, and which he does not have reason to know to be abnormally dangerous, but

mischievous or disposed to kill, wound, or worry horses, cattle, sheep, or lambs."

[2] "331.045 COMPARATIVE NEGLIGENCE; WHEN BARS RECOVERY. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

which is likely to do harm unless controlled, is liable for the harm done by such an animal only if he fails to exercise reasonable care to confine or otherwise control it, or the harm is of a sort which it is normal for animals of that class to do. In the latter case the owner should foresee such possible harm. Restatement, 3 Torts, p. 37, sec. 518. Sub. (2) of this section of the Restatement apparently makes an exception to this rule so far as allowing dogs to run at large.

Cooley was of the opinion that negligence was the basis of an owner's liability for injuries by an animal known to be dangerous. 2 Cooley, Law of Torts (3d ed.), p. 692 (*403). Blackstone thought the basis of liability in trespass cases of domestic animals was the negligence of the owner in keeping them. 3 Blackstone, Commentaries (2 Cooley (4th ed.), p. *211). See also 1 Street, Foundations of Legal Liability, p. 52. These views have been stated to be erroneous and strict liability at common law was based not on legal fault, but on public policy. 2 Harper and James, Law of Torts, p. 822, sec. 14.9; Prosser, Law of Torts (2d ed.), p. 322, sec. 57. But, as said by Holmes in The Common Law, p. 158: "Whatever may be the true explanation of the rule applied to keeping tigers, or the principle of *Rylands v. Fletcher,* in the last cases [manner of keeping animals] we have entered the sphere of negligence, and, if we take a case lying somewhere between the two just stated, and add somewhat to the complexity of the circumstances, we shall find that both conduct and standard would probably be left without much discrimination to the jury, on the broad issue whether the defendant had acted as a prudent man would have done under the circumstances." One line of authorities explains the liability of one who knowingly keeps a vicious or dangerous animal as being based on the negligence of keeping such an animal. The other authorities

explain the liability on social grounds calling it "at his peril" and the want of negligence being deemed immaterial. Some courts state that true principle to be the fault, negligence, or failure to keep such animal securely. See 2 Am. Jur., Animals, p. 728, sec. 48, and cases cited.

The question is, what is the effect of sec. 174.02, Stats., on the common-law rule? In the early cases of *Kertschacke v. Ludwig* (1871), 28 Wis. 430, and *Slinger v. Henneman, supra,* doubt was expressed whether the statute abolishing the necessity of proving scienter was meant to apply to the situation where a person was injured. In *Legault v. Malacker* (1914), 156 Wis. 507, 145 N. W. 1081, these doubts were said to be unfounded and the court held the part of the statute abolishing the necessity of proving scienter applied to actions to recover for injuries to a person, as well as to cattle. See also *Koetting v. Conroy* (1937), 223 Wis. 550, 270 N. W. 625. Prior to the *Legault Case, Schaller v. Connors* (1883), 57 Wis. 321, 15 N. W. 389, had held a plaintiff could recover for a dog bite under the statute for injury to his clothes as well as to his person.

Further consideration of the statute developed decisions that the statute only applied to injuries from mischievous or vicious acts of a dog for which at common law the owner would not be liable unless he had knowledge or ought to have known of such propensities. Consequently, in *Schraeder v. Koopman* (1926), 190 Wis. 459, 209 N. W. 714, where the plaintiff's automobile struck a dog crossing the street, no recovery was allowed on the reasoning that the statute did not apply to innocent acts of a dog and liability for such acts must rest on negligence of the owner, if allowing a dog to run at large was negligent. Again, in *Legault v. Malacker* (1917), 166 Wis. 58, 163 N. W. 476, with three justices dissenting, the statute was not applied to impose liability on the owner of a rabid dog

which bit a boy, stating that the section applied only to a vicious or destructive habit of the dog, the indulgence of which caused the injury. The court observed that, if the condition of the dog had existed for some time so that the owner knew or should have known his condition, the defendant might be liable if he negligently failed to restrain or destroy it. As late as *Koetting v. Conroy, supra,* this court said the section did not apply to the innocent acts of a dog, but only to its vicious acts or malicious traits. In that case a dog, running at large, ran into and knocked down the plaintiff, thereby injuring her. The court also said for such innocent acts of a dog, its owner's liability rested upon negligence and none was shown.

The defendant relies on the *Legault* and *Schraeder Cases, supra,* for the proposition that while a *prima facie* case under the statute was made without proof of scienter, the plaintiffs' case was destroyed and overcome by proof that the minor plaintiff brought upon himself the dog's attack by his contributory negligence. It is argued the complaint in this case was not grounded on negligence, but on sec. 174.02, Stats., and therefore the trial court was correct in not submitting a question of comparative negligence to the jury. The plaintiffs' argument is that while contributory negligence has been recognized as a defense in dog-bite cases, no case has been decided by this court holding that contributory negligence is a complete defense since the enactment in 1931 of the comparative-negligence statute.

There is a conflict in the cases whether sec. 174.02, Stats., created an absolute liability. The words "absolute liability" are generally used to describe a result, not the nature or the reason for such liability. In *Janssen v. Voss* (1926), 189 Wis. 222, 207 N. W. 279, a dog bit an infant seventeen months old who had wandered into the yard where the dog was tied, and suit was brought under the statute

against the mother of the minor owner of the dog, as keeper. In a special verdict the mother was found not negligent in placing the dog for keeping in a dog hospital during her absence, and from which her son procured his dog without her consent. The trial court held that the question of the mother's negligence was immaterial because sec. 174.02 imposed an absolute liability irrespective of the degree of care the owner or the keeper may have exercised, and granted judgment for the plaintiff. On appeal, this court held that the mother was not the keeper of the dog and reversed the lower court, but stated that the trial court no doubt was correct in holding the degree of care exercised by the defendant in providing for the keeping of the dog was immaterial, citing *Legault v. Malacker* (1917), 166 Wis. 58, 163 N. W. 476. An examination of this *Legault Case* leads one to doubt if it is authority for that proposition. In *Tatreau v. Buecher* (1949), 256 Wis. 252, 40 N. W. (2d) 509, a dog bit a newspaper boy delivering a paper on the owner's premises. During the attack the boy kicked the dog. This court said there was no evidence of provocation or contributory negligence because the kicking did not provoke the dog but was in self-defense, and that sec. 174.02 imposed an absolute liability and the degree of care exercised by the defendant in tying the dog was immaterial, citing the *Janssen Case*.

Language to the effect that the section did not create an absolute liability is found in the *Schraeder Case* and *Legault v. Malacker* (1917), 166 Wis. 58, 163 N. W. 476, and 32 Op. Atty. Gen. 61. In *Harris v. Hoyt* (1915), 161 Wis. 498, 154 N. W. 842, the court said the purpose of the statute was to abrogate the necessity of proving scienter and not to impose an absolute liability. There a woman while in a common vestibule mistakenly opened the door to the defendant's flat, and the defendant's dog came out

and bit her. The jury found the plaintiff was not contributorily negligent and the owner failed to exercise ordinary care in keeping the dog under the circumstances of not having the door locked and knowing that the dog had bitten a boy under similar circumstances. The trial court set aside the verdict and dismissed the complaint. On appeal a new trial was granted on the theory that the jury could on the evidence find the defendant negligent.

It is questionable at common law whether contributory negligence in the sense of lack of ordinary care is a defense to the common-law liability of an owner of a dog. A distinction is made between ordinary negligence which does not bar recovery and an act of the plaintiff which intentionally or unreasonably subjects him to the risk. These are in the nature of provocation or assumption of the risk. Restatement, 3 Torts, p. 31, sec. 515, and Restatement, 2 Torts, p. 1264, sec. 484. These sections would be applicable if sec. 174.02, Stats., abolishing the necessity of proving scienter, had created a liability analogous to the liability at common law of an owner of a domestic animal which he knows or has reason to know is abnormally dangerous.

While prior to its abrogation in some situations by sec. 331.37, Stats., assumption of risk was held to be a defense to the liability of a keeper of wild animals, *Bormann v. Milwaukee* (1896), 93 Wis. 522, 67 N. W. 924, the cases in this state do not seem to be in accord with Restatement of Torts that contributory negligence in its ordinary sense was not a defense to the liability of the owner of a dog. In the *Legault, Janssen, Harris,* and *Tatreau Cases, supra,* the question of contributory negligence was considered but the negligence was not proven. In the *Schraeder Case, supra,* the plaintiff was found negligent in driving his car on the road and running into a dog crossing the highway, and in *Meracle v. Down* (1885), 64 Wis. 323, 25

N. W. 412, when a dog loose on the highway bit the plaintiff's horse and frightened the team and the plaintiff was injured when he fell off the wagon, no contributory negligence was found in the manner in which the plaintiff tried to control his horses, or in the way the seat of the wagon was secured. In none of these cases was the view expressed that ordinary negligence was not a defense as a matter of law.

We are inclined to the rationale that sec. 174.02, Stats., did not create a new cause of action or impose a new liability on owners of dogs by eliminating the basis of negligence, but merely dispensed with the necessity of proving scienter in cases when the injury is done by a dog because of a mischievous trait or propensity. That is all the section expressly provides and, being in derogation of the common law, the section should be strictly construed. The statute does not eliminate the defendant's liability in negligence and the plaintiff may rely on it if pleaded. See Annos. 1 A. L. R. 1113, and 142 A. L. R. 436, for analysis and the various effects of statutes eliminating scienter. Negligence of a dog owner may consist of more than knowledge or cause to believe his dog is vicious or mischievous. In some cases such knowledge may be sufficient, in others, specific knowledge may not be necessary. *Matthews v. Scannell* (1930), 201 Wis. 381, 230 N. W. 53. Even a statutory liability may be grounded upon negligence. We have held the safe-place statute does not create a new cause of action, but only increases the standard of care in such circumstances. The comparative-negligence statute has been applied to attractive-nuisance cases because the defendant's liability has been held to be based on negligence. *Nechodomu v. Lindstrom* (1956), 273 Wis. 313, 77 N. W. (2d) 707, 78 N. W. (2d) 417. A nuisance may be based on negligent conduct and the doctrine applied

to it. *Schiro v. Oriental Realty Co.* (1956), 272 Wis. 537, 76 N. W. (2d) 355; see also *Robb v. Milwaukee* (1942), 241 Wis. 432, 6 N. W. (2d) 222.

Because this court has committed itself to the rule that contributory negligence in the sense of lack of ordinary care is a bar to the liability of the owner of a dog in an action under sec. 174.02, Stats., such contributory negligence should be subject to the application of the comparative-negligence statute when the negligence of the owner is proven. It would be a step backward in our jurisprudence to allow ordinary contributory negligence as a complete defense to negligence of the defendant. Sec. 174.02 does not prevent the plaintiff from alleging and proving the owner's negligence. When, therefore, the owner or keeper of a dog is sued under the statute and seeks to be relieved of liability by pleading the contributory negligence of the plaintiff, logic and justice demand that the plaintiff be allowed to plead and show such negligence of the defendant in keeping a dog, or in the manner in which the dog was kept, or any other facts amounting to negligence. In the instant case some proof without amending the pleading was put in by the plaintiffs to show the defendant's dog was a watchdog for his place of business, growled when people came upon the premises, was allowed to slip out of the house, and possibly the defendant was negligent and did not notify the police that the dog was loose.

Because this is the first case raising the question of the nature of the liability of the owner of a dog in relation to the comparative-negligence · statute, we believe that in the interest of justice the plaintiffs should have a new trial and an opportunity to amend their complaint. The trial court took the view that the defendant's liability was statutory and absolute, subject to the defense of contributory negligence, and that the comparative-negligence statute

could not apply because the defendant's liability was not based on negligence. When a *prima facie* case is alleged under sec. 174.02, Stats., and the defendant wishes to rely on contributory negligence, such defense should be expressly pleaded as an affirmative defense (unless the plaintiff has in his complaint pleaded his own lack of negligence, which the defendant has denied) in order to raise the issue properly; and the plaintiff should have the opportunity to amend his complaint to allege negligence on the part of the defendant so that a comparison of the negligence of the plaintiff and the defendant may be made if warranted by the evidence. In this case the defendant properly conformed his pleading to the proof, but the issue of comparative negligence was not fully tried or considered because no question of the defendant's negligence was submitted to the jury.

Because we believe a new trial should be had, it is unnecessary to pass upon the third question of whether the damages are grossly inadequate. They are low enough so that the new trial should include the question of damages.

*By the Court.*—Judgment reversed, with directions to grant a new trial with leave to the plaintiffs to amend their complaint within ten days from the date of the remittitur.