CHAMBLISS, by Guardian *ad litem*, and another, Respondents, v. GORELIK, Appellant: LYONS and another, Defendants.*

*No. 149.   Argued October 4, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 34.)

* Motion for rehearing denied, with costs, on January 4, 1972.

For the appellant there was a brief and oral argument by *Joseph J. Muratore* of Racine.

For the respondents there was a brief and oral argument by *Theodore W. Harris* of Racine.

HEFFERNAN, J. At common law the owner or keeper of a dog was not liable for the vicious or mischievous acts of the dog unless he had prior knowledge of the vicious or mischievous propensities of the dog or unless the injury was attributable to the negligence of the owner or keeper. *Nelson v. Hansen* (1960), 10 Wis. 2d 107, 102 N. W. 2d 251. In the instant case the action for common-law negligence was dismissed, because there was no

proof of defendant's knowledge of any vicious or mischievous propensity of the dog, Tipper. Accordingly, the case proceeded, and judgment was rendered only on the liability which an owner or keeper could incur under sec. 174.02, Stats. That statute provides:

"174.02 **Owner's liability.** The owner or keeper of any dog which has injured or caused the injury of any person or property or killed, wounded or worried any horses, cattle, sheep, ranch mink or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry horses, cattle, sheep, ranch mink or lambs; but when ranch mink are killed, wounded or worried, it shall be proven that the dog forcibly entered the enclosure in which they were kept."

Although *Tatreau v. Buecher* (1949), 256 Wis. 252, 40 N. W. 2d 509, tended to indicate that the statute imposed absolute liability, other and earlier cases held to the contrary. *Schraeder v. Koopman* (1926), 190 Wis. 459, 209 N. W. 714; *Legault v. Malacker* (1917), 166 Wis. 58, 163 N. W. 476; *Harris v. Hoyt* (1915), 161 Wis. 498, 154 N. W. 842.

These seemingly contrary holdings were resolved in *Nelson v. Hansen, supra,* wherein the court determined that the legislature did not impose or intend to impose strict liability on the keeper of a dog. It was also determined that an action brought under the statute continued to be one for negligence but that the statute eliminated the necessity of proving scienter. In all other respects, the responsibility of an owner or keeper remained the same. As we said in *Nelson v. Hansen, supra,* page 115, after discussion of early cases:

". . . the statute only applied to injuries from mischievous or vicious acts of a dog for which at common law the owner would not be liable unless he had knowledge or ought to have known of such propensities."

Accordingly, there was no liability for the innocent act of a dog unless it could be found that there was negligence on the part of the owner in permitting an otherwise innocent act. *Koetting v. Conroy* (1937), 223 Wis. 550, 270 N. W. 625; *Schraeder v. Koopman* (1926), 190 Wis. 459, 209 N. W. 714. For cases under the statute in which no proof of scienter is required and where there is no evidence of the keeper's negligence—and there is none in this case—there must be proof that the dog was vicious or mischievous. The jury was properly instructed in this respect. The trial judge, following the suggested Wisconsin Civil Jury Instruction 1390, advised the jury: "The word 'mischievous' as used here means vicious or having a disposition to do harm." The source of this instruction is apparently the case of *Legault v. Malacker, supra,* at page 62, wherein the question was asked whether the statute made the owner of a rabid dog liable for biting a child. We quoted with approval the words of Judge COOLEY in *Elliott v. Herz* (1874), 29 Mich. 202, where, in referring to a similar statute, he stated it " 'manifestly refers to a vicious and destructive habit, from indulgence in which the mischief has resulted.' "

Thus, under the statute, it continues to be necessary to show that the dog, prior to the act complained about, had vicious and destructive habits. The statute merely eliminates the necessity of proving that the *keeper* had such knowledge. Under the evidence in this case, and bearing in mind the applicable law, the evidence was insufficient for the jury to have returned a verdict finding that the defendant, Justin S. Gorelik, was negligent in keeping a dog that was mischievous. The record is barren of any evidence to show that at any time prior to the accident the dog, Tipper, indulged in any vicious or destructive habits. The facts are wholly to the contrary.

The only incident that the plaintiffs rely upon other than the conduct of the dog on the night of March 14, 1966, was testified to by a neighbor, Ellen Fehlberg, in

reference to two twelve-year-old girls who jumped on a car when Tipper headed toward them. As we pointed out in the resumé of the facts, the trial judge correctly stated the incident was insufficient to show that the dog was mischievous, vicious, or that the girls were even frightened. In any event, since the incident was subsequent to the time of the injury to Mark Chambliss, the testimony of Ellen Fehlberg is without probative value.

The applicable law has been restated most recently in *Wurtzler v. Miller* (1966), 31 Wis. 2d 310, 318, 143 N. W. 2d 27. We therein stated:

"Where the action is grounded on sec. 174.02 the negligence of the defendant dog owner is established when it is proved he kept a mischievous or vicious dog without proving he knew the dog had such propensities."

The half-grown part-Collie dog, Tipper, evinced such propensities neither to his keeper nor, as far as the record shows, to anyone else. Not only was there failure of proof of scienter, required under common-law negligence, but also there was a total failure of proof in regard to the dog's vicious or mischievous propensities. Although we conclude that the proof of viciousness or mischievousness must relate to a time prior to the incident complained of, it is also apparent that in the instant case there was no evidence that Tipper's conduct in running after the boys was vicious or mischievousness in the legal sense. Although he ran after Mark Chambliss for a distance that the physical facts indicate to have been almost 100 yards, there is no evidence that he snapped at Mark, growled at him, or indulged in anything but, at the most, playful conduct. The boys ran because they were afraid of the dog, not because there was any reason for such fear. Mark had never seen the dog prior to the evening in question, and yet upon first seeing him he asked that the dog be restrained. While it may well have been reasonable, as Mark said, that he "didn't want to wait

around and find out what he [the dog] had on his mind," this does not constitute proof of the mischievous or vicious nature of the dog. Moreover, the dog did not follow Mark into the street.

The plaintiffs' evidence was insufficient as a matter of law, and the defendant's motion for a directed verdict on that ground should have been granted. Since this issue is determinative of the entire case, other arguments of the defendant, some of which were meritorious, need not be discussed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment pursuant to this opinion.

* Motion for rehearing denied, with costs, on January 4, 1972.