Michele DENIL, by her Guardian ad Litem, Donald J. Hanaway, Plaintiff-Respondent and Cross-Appellant,

v.

Roger H. COPPERSMITH, Carol Coppersmith and Badger State Mutual Casualty Company, Defendants-Appellants and Cross-Respondents.

Court of Appeals

*No. 82–2270. Submitted on briefs September 6, 1983.—*
*Decided December 27, 1983.*
(Also reported in 343 N.W.2d 136.)

For the appellants and cross-respondents the cause was submitted on the briefs of *Michael S. Siddall* and *Herrling, Clark, Hartzheim & Siddall, Ltd.*, of Appleton.

For the respondent and cross-appellant the cause was submitted on the brief of *Donald J. Hanaway* and *Condon, Hanaway, Wickert, Fenwick & Strong, Ltd.*, of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Roger and Carol Coppersmith and their insurer appeal a judgment affirming a jury verdict finding the Coppersmiths negligent and awarding Michele Denil damages for injuries she suffered after being bitten by the Coppersmiths' dog. The injuries occurred when Michele, then ten, and her brother rode their bicycles into the Coppersmiths' driveway, as they had done on many previous occasions. The dog broke free, jumped on Mi-

chele, and bit her. She sustained four major wounds in each thigh. The wounds caused problems after healing and left permanent scars. The Coppersmiths and their insurer challenge the jury's finding of negligence and also argue that the verdict was inconsistent. Michele Denil cross-appeals, arguing that the jury's finding that the dog was not mischievous was erroneous. Because the jury's verdict is not inconsistent and is supported by the evidence, we affirm the judgment.

The complaint alleged a violation of sec. 174.02, Stats. (1977), and common law negligence. The jury found no violation of the statute but did find the Coppersmiths negligent and awarded Michele $20,000 in damages. The trial court affirmed the verdict and the damage award in motions after verdict.

The jury's verdict was consistent. A jury need not find a violation of sec. 174.02, Stats. (1977), in order to conclude that the owners were negligent. An action for common law negligence requires proof that the owner was aware, or in the exercise of reasonable care should have been aware, that the dog possessed unusual traits or habits likely to result in injury or damage, and that the owner failed to exercise ordinary care to restrain the animal to prevent this damage, or that the harm was caused by poor treatment of the animal. An action under sec. 174.02, Stats. (1977), is also an action in negligence, but requires proof that the dog previously harmed a person or property regardless of the owner's knowledge or notice of the previous harm.[1] *Chambliss v. Gorelik*, 52 Wis. 2d 523, 530, 191 N.W.2d 34, 37 (1971). The two causes of action are neither incompatible nor interdependent. If there is proof of previous harm, causes of action under

[1] *See* Wis JI—Civil 1390 (1974) and Wis JI—Civil 1391 (1977) and, for a general discussion of this issue, *see* Note, *Owner's Liability for Injuries Caused by His Dog*, 1973 Wis. L. Rev. 642.

both the statute and the common law could be sustained. An action for common law negligence alone can be sustained where there is sufficient evidence of the necessary elements of negligence but a failure to prove previous harm.

The record is replete with evidence that this dog had unusual traits and habits likely to result in injury. The dog barked and growled at people, jumped and pulled at the end of its chain, chased and knocked people down from their bicycles, chased one person and nipped at his heels, and chased a car. The dog was a German shepherd mix, weighed from fifty-five to eighty pounds, and had teeth capable of making puncture wounds two and one-half inches deep. The dog was kept as a watchdog and was protective of the Coppersmith family members. These traits and habits were sufficient to put the owners on notice that they should have exercised reasonable care to restrain the dog to prevent harm. Consequently, there is substantial evidence from which the jury could have found that this harm was foreseeable.

There is also ample evidence that the owners were negligent, and that this negligence was a cause of the harm. Although previously the dog had roamed free in the country when owned by Mrs. Coppersmith's mother, the Coppersmiths kept it attached to a fifteen foot chain. For about five years, the dog was never released from its chain, and was never walked or exercised. From this extreme restriction, the jury could have reasonably inferred that the dog would want to break loose. Additionally, there was evidence that the dog broke its chain on at least three, and as many as fifteen or twenty, occasions before attacking Michele. There was also evidence that the chain had been replaced only once, long ago, and had not since been repaired. From this the jury could have in-

ferred that the Coppersmiths failed to provide a secure chain. Furthermore, there was evidence that the dog was kept near the driveway and was thus in proximity to children who frequently came to visit the Coppersmiths' children. From this evidence, the jury could have reasonably concluded that the Coppersmiths were negligent in their care and treatment of the dog, and that this negligence was a cause of the harm.

There was conflicting evidence as to whether the Coppersmiths' dog was mischievous. There was evidence that he had previously caused harm, but since there was also credible evidence that he was friendly, playful, and had not previously harmed anyone, we will sustain the verdict. *See Coryell v. Conn*, 88 Wis. 2d 310, 315, 276 N.W. 2d 723, 726 (1979).

*By the Court.*—Judgment affirmed. No costs.